PAUL O. ABBE, APPELLANT, v. ERIE RAILROAD COM-
PANY, IMPLEADED, ETC., RESPONDENT.

Submitted December 5, 1921—Decided March 6, 1922.

1. In order to review trial errors the grounds of appeal must set out
   the judicial action complained of.  The mere statement of a
   proposition of law or of fact is of no value as a ground of appeal.
2. Section 23 of the federal act, relating to bills of lading (39 *Stat.
   at L., p.* 543) applies to seizure of chattels by a writ of replevin.
   Compare *Pamph. L.* 1913, *p.* 244, § 24, ¶ 251.

On appeal from the Supreme Court.

For the appellant, *Walter J. Bilder.*

For the respondent, *Edward A. Markley.*

The opinion of the court was delivered by

PARKER, J.   This is an action of replevin involving the
right of a carrier to hold an interstate shipment of goods for
payment of a draft attached to the bill of lading, as against
the claim of plaintiff that the amount of the draft was ex-
cessive and unwarranted.   Plaintiff had had business rela-
tions with the Pennybacker company (apparently a partner-
ship) of Emaus, Pennsylvania, shipping to them parts and
materials to build machinery, and they assembling the ma-
chinery and supplying what incidental materials were needed.
This arrangement came to an end, and plaintiff directed
them to ship all his property in their hands to him at Little
Falls, in this state, which they did, billing it to "order of
Pennybacker, notify Paul O. Abbe."   At the same time they
sent through banking channels an "order bill of lading,"
with draft attached for what they claimed as due them.
This in due course was presented to plaintiff, who declined
to take up the draft and thereby secure the bill of lading, on
the ground of excessive amount, and the defendant carrier

refusing delivery without surrender of the "order bill," he began this suit and replevied the goods through the sheriff. The defendant obtained from a justice of the Supreme Court a rule to show cause why the "lien" of the writ of replevin should not be discharged; depositions were taken by which the facts appeared without substantial dispute, and the justice made a rule discharging the "lien" of the writ. Later, the case seems to have been informally tried before him and this resulted in a judgment final in favor of the defendant railroad company and against the plaintiff-appellant. The meritorious question involved is the propriety of the rule discharging the so-called "lien" of the writ.

There is only one ground of appeal and this fails to point out any judicial action claimed to be erroneous. It reads as follows: "Because section 23 of an act of congress relating to bills of lading (*U. S. Comp. Stat. of* 1916, *p.* 9316) does not apply to and does not prohibit the seizure of goods in the hands of a common carrier by virtue of a writ of replevin."

This might properly be set up as a reason why the trial judge should have acted otherwise than as he did, but a ground of appeal based on trial error, like an assignment of trial error under the old practice, is necessarily based on an exception to some ruling or other action of the court, or refusal to act, and not to any reason therefor or to the contrary. That the court granted or refused a nonsuit, admitted or excluded certain specified evidence, refused a specified request to charge, gave a particular instruction to the jury—all these are customary and proper assignments of error; but to assign that a certain statute does or does not apply to a particular condition points out no action of the court which is erroneous and is futile as a basis of review; as futile as to assign error on the language of a judicial opinion. See *Ruckman* v. *Demarest,* 32 *N. J. L.* 528. It should be unnecessary to discuss this elementary rule of appellate practice but for the frequency of these faulty grounds of appeal.

This would suffice for an affirmance, but on account of the importance to carriers of the legal question involved, we deem it better to deal also with the merits. The section re-

ferred to is substantially identical with one in our "Uniform Bills of Lading" act (*Pamph. L.* 1913, *p.* 244, § 24, ¶ 251), except that in the federal statute (39 *Stat. at L., p.* 543) the words "order bill" are used instead of "negotiable bill." It reads as follows:

"If goods are delivered to a carrier by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner, and an order bill is issued for them, they cannot thereafter, while in the possession of the carrier, be attached by garnishment, or otherwise, or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation enjoined. The carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court."

It is argued, first, that these goods were not delivered to the carrier by the owner. But, as the trial judge properly held, they were delivered by Pennybacker under specific instructions from the general owner, plaintiff, and in that delivery Pennybacker was a mere agent of plaintiff, so that the delivery was legally his. But if we held the contrary view, the judgment in this aspect would nevertheless stand, because the ground of appeal, such as it is, merely challenges seizure by replevin, without reference to the status of the shipper.

The next point, and the one indicated by the ground of appeal, is that replevin is not covered by the statutory language "attached by garnishment or otherwise." If the word "attached" were the only one, it might well be argued that a seizure for debt, or perhaps for damages, on mesne process *in rem* was all that was meant. So, also, of the phrase "attached by garnishment." But when the words "or otherwise" are used, we are pointed at once to a broad meaning appropriate to a highly remedial statute intended to protect carriers from being drawn into controversies between other parties as to the ownership or right of possession of the property, and the meaning indicated is substantially that defined in *Bryant* v. *Warren,* 51 *N. H.* 213, as "a taking of property into the custody of an officer of the law by virtue of a manda-

tory precept issued by the authority and in the name of the state;" or, to put it in another way, "a taking of property into the possession of the law by mesne process to answer a private demand." Such a meaning gives to the act the general remedial application which we think congress plainly intended. We think the section in question was operative against a replevin, and that the case was rightly decided below.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.